Cancel v Flora Vista, L.P. (2025 NY Slip Op 51948(U))

[*1]

Cancel v Flora Vista, L.P.

2025 NY Slip Op 51948(U)

Decided on December 11, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 11, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Perez, Alpert, JJ.

571289/25

Gladys Cancel, Plaintiff-Appellant,
against
Flora Vista, L.P. and Melissa Mahone, Defendants-Respondents.

Plaintiff appeals from a judgment of the Small Claims Part of the Civil Court of the City of New York, New York County (Anna R. Lewis, J.), entered June 4, 2025, in favor of defendants dismissing the action.

Per Curiam.
Judgment (Anna R. Lewis, J.), entered June 4, 2025, affirmed, without costs.
Our review of the record satisfies us that the dismissal of plaintiff's claim accomplished substantial justice between the parties consistent with substantive law principles (see CCA §§ 1804, 1807). A fair interpretation of the evidence supports the finding that plaintiff failed to establish any basis to impose liability on defendant Flora Vista, LP for the value of furniture that was either lost or stolen from an apartment that defendant leased to a deceased, nonparty tenant. As noted by the trial court, the "disputed property was in an apartment rented to another person, who died, and for whom [plaintiff] was not the guardian, next of kin, administrator or executor of the decedent's estate." Moreover, the trial court properly concluded that plaintiff's testimony as to "who took the furniture and other items was speculative" and that she did not prove any "contractual relationship" or privity with decedent's landlord.
Although Civil Court held that it lacked personal jurisdiction over defendant Melissa Mahone, an Alabama resident, because she was not properly served, the claim against her is properly dismissed on the ground that the Small Claims Court lacked jurisdiction over the claim against her because she neither "resides, or has an office for the transaction of business or a regular employment, within the city of New York" (see CCA § 1801; see also Iken v Palm Hotel, 84 Misc 3d 126[A], 2024 NY Slip Op 51347[U] [App Term, 1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 11, 2025